UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK CHRISTIAN,              )<br>                                                 )<br>            Plaintiff,              )<br>                                                 )<br>       v.                                      )<br>                                                 )<br>                                                 )<br>UNITED STATES OF AMERICA, *et al.*,   )<br>                                                 )<br>            Defendants.           ) | Civil Action No. 24-2958 (UNA) |

**MEMORANDUM OPINION**

Patrick Christian, appearing *pro se*, brings this action against the United States and the Commonwealth of Virginia and seeks leave to proceed *in forma pauperis* ("IFP"). The Court will grant his IFP motion and dismiss the case for lack of jurisdiction.

Mr. Christian's handwritten assertions are difficult to decipher. Invoking 42 U.S.C. § 1983, Mr. Christian refers to "an accident" in "the 70's" that may have resulted in an award of money that his mother used to invest in property in 1984. ECF No. 1, at 4. He alleges that Defendants conspired to deprive him of that property. *See id.* He seeks damages for "the value of [the] property" and wants "all conspirators" held "accountable for their crimes." *Id.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

The United States is immune from suit absent "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and such intent "must be unequivocally expressed in

statutory text," *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Similarly, the Eleventh Amendment generally immunizes states from suits filed against them in federal court.[1]  Such immunity can be waived, but the statute Mr. Christian invokes—Section 1983—does not waive immunity for the United States or the Commonwealth of Virginia.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105-06 (D.C. Cir. 2005); *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002).  Accordingly, the court lacks jurisdiction over the case, and it will be dismissed in a separate order.

/s/ L. Ali—

———————————————
LOREN L. ALIKHAN
United States District Judge

Date:   December 13, 2024

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State."  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).